IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Nicholas Yaworsky,

    Plaintiff,

vs.

New Leaf Solutions, LLC, and DOES 1-10, inclusive

    Defendant.

Civil Action No. 13-100

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

THIS STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER (this "**Agreement**") is made as of this 15th day of July, 2013, by and between Nicholas Yaworsky, an individual, with an address of Bradford, PA (hereinafter, "**Interested Party**") and New Leaf Solutions, LLC ("**NLS**").

WHEREAS, NLS has proprietary and confidential business, financial and/or other information which it is prepared to disclose to the other party, in reliance upon and subject to the terms and conditions of this Agreement, for the purpose of settlement discussions (the "**Purpose**"); and

WHEREAS, prior to NLS disclosing specific and confidential information to Interested Party relative to conversations between NLS and Plaintiff, Nicholas Yaworsky, with regard to the action filed in the United District Court for the Western District of Pennsylvania at Civil Action No. 13-100, the parties agree that any such disclosure of Confidential Information (as hereinafter defined) shall be subject to a duty and obligation of confidentiality;

NOW THEREFORE, in consideration of the mutual agreements of the parties, the parties, intending to be legally bound hereby, agree as follows:

    1.    For purposes of this Agreement, "**Confidential Information**" shall mean any information supplied by NLS or its agents or representatives to the Interested Party or its agents or representatives relating to recorded telephone conversations between NLS and Nicholas Yaworsky.

1

All information delivered pursuant to this Agreement and in connection with the Purpose shall be presumed to be Confidential Information and shall not be required to be marked or identified as "Confidential" to be subject to the terms and conditions of this Agreement.

2. Interested Party recognizes that NLS has developed and acquired valuable Confidential Information, as defined above, by and through the operation of NLS. Interested party acknowledges that NLS may suffer irreparable harm if the Interested Party or its agents or representatives, after having access to any Confidential Information, make any unauthorized disclosures or communication of any Confidential Information.

3. Interested Party acknowledges and agrees that, subject to Section 4 below:

(a) It will treat as confidential all Confidential Information which may be made or become available to it or any of its agents or representatives;

(b) It will maintain in a secure place any Confidential Information delivered to it and limit access to the Confidential Information to those of its representatives or agents;

(c) It will prevent disclosure of any Confidential Information by any of its agents or representatives to unauthorized parties and assume liability for any breach of this Confidentiality Agreement, or for any other unauthorized disclosure or use of Confidential Information, by it or any of its agents or representatives; and

(d) Interested Party and its agents and representatives will not use any Confidential Information in any way other than in connection with the Purpose.

In addition, without the prior written consent from NLS, the Interested Party will not, and will direct such agents and representatives not to, disclose to any person either the fact that discussions or negotiations are taking place concerning the Confidential Information or any of the terms, conditions or other facts with respect to any possible settlement agreement, including the status thereof.

4. In the event that the Interested Party or anyone to whom that party transmits Confidential Information pursuant to this Agreement become legally compelled to disclose Confidential Information, the Interested Party will provide NLS with prompt written notice thereof so that NLS may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement. In the event that such protective order or other remedy is not obtained, or that NLS waives compliance with the provisions of this Agreement, the Interested Party may disclose Confidential Information, but only that portion of the Confidential Information which the Interested Party is advised by counsel is legally required.

5. The Interested Party understands that neither NLS nor any of its representatives or advisors have made or make any representation or warranty as to the completeness of the Confidential Information. The Interested Party agrees that neither the NLS nor its representatives or advisors shall have any liability to the Interested Party or any of the Interested Party's representatives or advisors resulting from the use of the Confidential Information.

6. Upon the written request of NLS at any time, the Interested Party shall promptly redeliver to NLS all Confidential Information, and any other written material containing or reflecting any information in the Confidential Information (whether prepared by the Interested Party, its advisors or otherwise) and will not retain any copies, extracts or other reproductions in whole or in part of such information. All documents, memoranda, notes and other writings whatsoever prepared by the Interested Party or its employees, agents or representatives based on the information in the Confidential Information shall be destroyed, and such destruction shall be certified in writing.

7. This Agreement shall be binding upon and inure to the benefit of the parties, their respective successors and assigns. This Agreement may not be assigned by either party without the express prior written consent of the other party.

8. No modification or waiver of any of the provisions hereof, or any representation, promise or addition hereto, or waiver of any breach hereof, will be binding upon either party unless made in writing and signed by the party to be charged thereby. No waiver of any particular breach will be deemed to apply to any other breach, whether prior or subsequent to a waiver.

9. This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of laws.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, the parties have caused this Stipulated Confidentiality Agreement and Protective Order to be executed in the manner appropriate to each as of the date first above written.

WITNESS: *[signature]*

NEW LEAF SOLUTIONS, LLC

*[signature: Katelin M. Roussos]*

By: Katelin M. Roussos

Title: Director of Human Resources

WITNESS: *[signature]*

Interested Party – LEMBERG & ASSOCIATES, LLC and JODY B. BURTON, ESQUIRE

*[signature: Jody B. Burton]*

By: Jody B. Burton

Title: Counsel for Plaintiff

WITNESS: *[signature]*

Interested Party - NICHOLAS YAWORSKY

*[signature: Jody B. Burton]*

By: Jody B. Burton, as counsel for
(print name)     Plaintiff, Nicholas Yaworsky

SO ORDERED, on ___July 15___, 2013.

BY THE COURT:

s/Sean J. McLaughlin
Sean J. McLaughlin
Chief U.S. District Court Judge

4