IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS YAWORSKY,<br>         Plaintiff,<br><br>         v<br><br>NEW LEAF SOLUTIONS, LLC and DOES 1-10 *INCLUSIVE*,<br><br>         Defendants. | )<br>)<br>)<br>)  1:13-cv- 100<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is PLAINTIFF'S NOTICE OF MOTION FOR SANCTIONS AGAINST DEFENDANT FOR CONTEMPT OF A COURT ORDER AND REQUEST FOR JUDGMENT BY DEFAULT (ECF No. 14). Defendant New Leaf Solutions, LLC ("New Leaf") was ordered to file a response to the motion on or before October 14, 2014. To date, New Leaf has not filed a response. Accordingly, the motion will be resolved without the benefit of a response from Defendant New Leaf.

Procedural History

Plaintiff Nicholas Yaworsky filed his Complaint in this case under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, in April 2013. Defendant New Leaf was duly served and attorney Nicholas Krawec entered an appearance on behalf of Defendants. The parties jointly submitted a Stipulated Confidentiality Agreement and Protective Order, which Director of Human Resources Katelin M. Roussos executed on behalf of New Leaf. On September 18, 2013, the Court was notified that the parties had settled the case. The settlement agreement was

signed by Director of Administration Jesse Wofford on behalf of New Leaf. The Court ordered the case to be marked closed and retained jurisdiction to enforce the settlement. ECF No. 10.

On April 29, 2014, after New Leaf failed to pay the amount it owed, Plaintiff filed a motion to enforce the settlement. Defendant failed to file any response. The Court granted Plaintiff's motion on June 11, 2014 and ordered New Leaf to "immediately remit payment of the settlement funds to Plaintiff in care of his counsel." ECF No. 13. Five days later, the Court granted Attorney Krawec's motion to withdraw as counsel for New Leaf. Several months later, the instant motion followed.

Discussion

Plaintiff pleads that New Leaf has continued to refuse to pay the settlement proceeds in "flagrant defiance" of the Court's Order. Plaintiff avers that the Court's June 11, 2014 Order was promptly served on New Leaf's attorney of record via certified mail and facsimile. Plaintiff contends that New Leaf has chosen to simply ignore the Court's Order. As a sanction, Plaintiff seeks entry of a default judgment for the balance of the settlement funds of $4,750.00 and an award of attorneys' fees associated with filing the motion.

Defendant New Leaf was ordered by the Court to file a response to the instant motion on or before October 14, 2014. The Court's Order was sent to New Leaf via First Class Mail to its business address. Plaintiff's counsel avers that New Leaf is an active business. Nevertheless, New Leaf has again failed to file a response. The Court finds that New Leaf has had full notice and the opportunity to be heard prior to the imposition of contempt sanctions.

It is well settled that "[a] district court has inherent authority to enforce agreements settling litigation before it." *McClure v. Township of Exeter*, 2006 WL 2794173 at *1 (E.D. Pa.

Sept.27, 2006) (quoting *New Castle County v. U.S. Fire Ins. Co.*, 728 F. Supp. 318, 319 (D. Del. 1989)). A litigant's failure to comply with a Court Order to enforce a settlement agreement can be punished by civil contempt. *See Institute for Motivational Living, Inc. v. Doulos Institute for Strategic Consulting*, 110 Fed. Appx. 283, 287 (3d Cir. 2004) (unpublished) (court's civil contempt jurisdiction does not lapse if it retains jurisdiction to enforce settlement).[1] The Court in *Southern Elec. Health Fund v. Bedrock Services*, 2005 WL 3108461 (M.D. Tenn. 2005), aptly summarized the principles of law applicable to a finding of civil contempt and issuance of sanctions:

> While the contempt power should not be used lightly, the power is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed by law. Contempt proceedings are used to enforce the message that court orders and judgments are to be complied with in a prompt manner. In civil contempt proceedings, judicial sanctions may be imposed for either or both of two purposes: to coerce the defendant into compliance with the Court's order and to compensate the movant for the losses sustained.
>
> To hold a litigant in contempt, the movant must produce clear and convincing evidence to show a violation of a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order. Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order.

*Id*. at * 7 (citations omitted).

To prove civil contempt, a plaintiff must demonstrate: (1) that a valid order of court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order. *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995). Willfulness is not a necessary element of civil contempt and good faith is not necessarily a defense. *Harley*

---

[1] Under the circumstances of this case, the Court will not enter the "judgment by default" requested by Plaintiff. This case has already been settled and terminated, and the Court has also previously granted a motion to enforce the settlement. ECF Nos. 10, 13.

*Davidson, Inc. v. Morris*, 19 F.3d 142, 148-49 (3d Cir. 1994). However, evidence regarding the defendant's state of mind is pertinent to the sanction to be imposed. *Id*.

The Court finds, by clear and convincing evidence, that Defendant New Leaf is in civil contempt of Court. The prima facie case is met: (1) a valid Order of Court exists – to wit, the Order of June 11, 2014 which granted the motion to enforce the settlement and ordered New Leaf to "immediately remit payment of the settlement funds to Plaintiff in care of his counsel"; (2) New Leaf has had knowledge of the order via its counsel of record at the time, and via subsequent communications from counsel for Plaintiff and the Court; and (3) New Leaf has clearly disobeyed the Order and has failed to remit the settlement payment to Plaintiff. Defendant New Leaf has failed to rebut the instant motion, despite notice and the opportunity (indeed, a Court Order) to do so. The Court finds that a contempt sanction is warranted and necessary to coerce New Leaf into compliance with the Court's orders and to compensate Plaintiff for the costs he has incurred to enforce the settlement agreement.

Conclusion

In accordance with the foregoing, PLAINTIFF'S NOTICE OF MOTION FOR SANCTIONS AGAINST DEFENDANT FOR CONTEMPT OF A COURT ORDER AND REQUEST FOR JUDGMENT BY DEFAULT (ECF No. 14) will be **GRANTED**. New Leaf is in civil contempt of Court.

To purge itself of contempt, New Leaf shall **immediately** remit payment of $4,750.00 to Plaintiff, in care of his counsel. Any failure, neglect or refusal to timely and fully comply with the terms, conditions and requirements of this Order of Court by Defendant New Leaf will result in the imposition of additional sanctions including, but not limited to, a fine in an amount of not

less than $200.00 per day of non-compliance, commencing on November 1, 2014 or the date New Leaf is given notice of this Order, whichever is earlier.

Plaintiff is also entitled to recover his reasonable attorneys fees and costs. Plaintiff shall file a petition to itemize and support his claimed reasonable counsel fees and costs in connection with enforcement of the settlement on or before November 14, 2014. New Leaf shall file a response – limited to the reasonableness of the claimed attorneys fees and costs -- on or before November 28, 2014.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS YAWORSKY,** <br> Plaintiff, <br><br> v <br><br> **NEW LEAF SOLUTIONS, LLC** and **DOES 1-10** *INCLUSIVE*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) 1:13-cv- 100 <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER OF COURT

AND NOW, this 22nd day of October, 2014, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFF'S NOTICE OF MOTION FOR SANCTIONS AGAINST DEFENDANT FOR CONTEMPT OF A COURT ORDER AND REQUEST FOR JUDGMENT BY DEFAULT (ECF No. 14) is **GRANTED**.

New Leaf shall **immediately** remit payment of $4,750.00 to Plaintiff, in care of his counsel. Any failure, neglect or refusal to timely and fully comply with the terms, conditions and requirements of this Order of Court by Defendant New Leaf will result in the imposition of additional sanctions including, but not limited to, a fine in an amount of not less than $200.00 per day of non-compliance, commencing on November 1, 2014 or the date on which New Leaf receives notice of this Order, whichever is earlier.

In addition, Plaintiff is entitled to recover his reasonable attorneys fees and costs in connection with enforcement of the settlement. Plaintiff shall file a petition to itemize and support his claimed reasonable counsel fees and costs in connection with enforcement of the settlement on or before November 14, 2014. Defendant New Leaf shall file a response thereto on or before November 28, 2014.

IT IS FURTHER ORDERED that the Court expressly retains jurisdiction of this matter to consider any issue arising during the period when payment is being finalized, including but not limited to enforcing the settlement and awarding of attorneys fees and costs.

This Memorandum Opinion and Order is being sent to Defendant New Leaf by the Court via certified US Mail. Plaintiff's counsel shall attempt to provide expedited notice of this Memorandum Opinion and Order to Defendant New Leaf via email, telephone and/or facsimile, and shall notify the Court of the date on which such notice has been successfully accomplished.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Jody B. Burton, Esquire**
Email: jburton@lemberglaw.com

**New Leaf Solutions, LLC**
1912 EVERETT AVENUE,
EVERETT, WA 98201-3607
Via Certified US Mail.